UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BETTY SISSON, | } |
| Plaintiff, | } |
| vs. | } CIVIL ACTION NO. |
| | } CV 99-B-0415-S |
| STATE FARM FIRE AND CASUALTY COMPANY, | } |
| Defendant. | } |

**MEMORANDUM OPINION**

This matter is before the Court on the Motion for Summary Judgment filed by defendant, State Farm Fire and Casualty Company ("State Farm"). Jurisdiction is proper based upon 28 U.S.C. §§ 1332 and 1441.[1] Upon consideration of the record, submissions of the parties, oral argument, and the relevant law -- including the answer by the Supreme Court of Alabama to a certified question of state law -- the Court finds that State Farm's Motion for Summary Judgment is due to be granted.

**I. FACTS**

This case arises out of State Farm's nonrenewal of a policy of insurance insuring the residence of plaintiff Betty Sisson ("Sisson") against, *inter alia*, loss by fire, and the subsequent total fire destruction of that residence. The complaint alleges that State Farm breached the contract of insurance by its denial of Sisson's claim for policy benefits for the fire loss. State Farm contends

---

[1] This action was originally commenced in the Circuit Court of Blount County, Alabama against State Farm and against Charlotte Norris, a State Farm agent. The defendants timely removed this action to this Court based upon the complaint's prayer for relief seeking judgment in the amount of $100,000.00 and the "fraudulent" or improper joinder of defendant Norris. Plaintiff did not contest removal jurisdiction and notified the Court that the Motion to Dismiss the claims against defendant Norris was due to be, and the same was, granted.

that it properly notified Sisson of the nonrenewal of her policy, and that the termination of the policy coverage prior to the fire is a complete defense to the breach of contract claim.

The subject State Farm policy provides as follows with respect to nonrenewal:

> **Nonrenewal.** We may elect not to renew this policy. If we elect not to renew, a written notice will be delivered to you, or mailed to you at your mailing address shown in the **Declarations**. The notice will be mailed or delivered at least 30 days before the expiration date of this policy. *Proof of mailing shall be sufficient proof of notice.*

(Italics added). The evidence before this Court shows that on January 15, 1998, State Farm's Regional Office in Birmingham generated a notice to Sisson that her policy would not be renewed and that her coverage would terminate as of February 18, 1998, the expiration of the policy's 12 month period; that such notice was sealed in an envelope properly addressed to Sisson showing State Farm's return address and with sufficient postage affixed thereto; that the envelope containing such notice to Sisson was hand delivered by State Farm to the Green Springs branch office of the U.S. Postal Service on January 15, 1998, whereupon State Farm obtained a "Certificate of Mailing" from the Postal Service;[2] that a separate notice to Sisson's mortgage company was also mailed by State Farm on January 15, 1998, for which State Farm did not obtain a "Certificate of Mailing;" and that neither of the notices were returned to State Farm as undelivered or undeliverable.

Sisson's home was destroyed by fire on February 26, 1998, eight days after the insurance policy coverage terminated. Sisson's insurance claim for the fire loss was denied based upon the pre-loss nonrenewal of her State Farm policy. Both Sisson and her mortgage company denied

---

[2] A "Certificate of Mailing" is a special service offered for a fee by the U.S. Postal Service to domestic mail customers to provide evidence of mailing via Postal Service Form 3877 or facsimile.

receiving the notices of nonrenewal.

## II.   DISCUSSION

If the policy terminated by nonrenewal on February 18, 1998, then there was no longer an insurance contract between the parties at the time of the February 26, 1998 fire, and State Farm's denial of policy benefits cannot be a breach of contract. *See Bean v. State Farm Fire and Cas. Co.,* 591 So.2d 17 (Ala. 1991). The question presented by State Farm's Motion for Summary Judgment is whether, as a matter of law, State Farm validly effected the nonrenewal by mailing notice of the nonrenewal to Sisson at least 30 days before the expiration of the policy, as required by the policy's terms.

In its supporting brief, State Farm acknowledged that in *Ex parte Alfa Mutual General Ins. Co.,* 742 So.2d 182, 186 (Ala. 1999) *rehearing denied* 742 So.2d 187 (Ala. 1999), the Alabama Supreme Court reiterated the Alabama "common-law rule" regarding proof of mailing of insurance policy cancellation or nonrenewal notices that "an insurer sued for breach of contract and pleading cancellation as a defense had to prove, by clear and convincing evidence, that it properly mailed the notice of cancellation," and that "'[e]vidence tending to show that a letter was not received raises a question for the trier of fact as to whether the letter was mailed.'" State Farm argued, however, that the Certificate of Mailing it obtained from the U.S. Postal Service is direct proof of mailing from a disinterested and neutral third-party that conclusively established proof of mailing as a matter of law, which was not rebutted by the insured's denial of receipt.

In her opposition to State Farm's Motion for Summary Judgment, Sisson argued that under *Ex parte Alfa Mutual General Ins. Co., supra,* State Farm's "proof of mailing" (including the Certificate of Mailing) is simply "evidence indicating that it properly mailed the notice of

3

cancellation [or nonrenewal], with the proper address, and that it was not returned." However, Sisson also argued that by application of the common-law rule "her denial [of receipt] created a question for the factfinder to determine."

Because it did not appear that any Alabama court had squarely addressed the applicability of the common-law rule in a case where, as here, the insurer's proof of mailing included a Postal Service Certificate of Mailing, this Court certified the following question to the Supreme Court of Alabama:

> [w]hether, under the facts of this case, the insured's denial of receipt of a notice of policy cancellation or nonrenewal creates an issue of fact as to mailing, where the insurer's proof of mailing includes the Postal Service's Certificate of Mailing indicating its receipt of the notice to plaintiff for mailing on January 15, 1998.

On December 21, 2001, the Supreme Court of Alabama released its opinion in *Betty Sisson v. State Farm Fire and Casualty Co.,* No. 1000852 (Ala. Dec. 21, 2001) answering the certified question in the negative. The Court explained its reasoning, in part, as follows:

> The terms of Sisson's State Farm policy prevent application of [the] common-law rule. The State Farm policy provided that "[p]roof of mailing shall be sufficient proof of notice." Where proof of mailing of a notice under an insurance policy is established by evidence of a definite and specific character, we have enforced a policy provision like the one here when the only countervailing evidence is the insured's denial of receipt. . . .
>
>                               \*   \*   \*
>
> If the United States District Court is satisfied as to the existence of an authentic certificate that could have been issued only by the United States Postal Service and not created by employees of State Farm, a matter not before us, State Farm's evidence of mailing would be of the "definite and specific character" sufficient to warrant enforcement of the policy provision; the insured's denial of receipt of a notice of policy cancellation or nonrenewal does not create an issue of fact as to the mailing of the notice.

Slip op. at 5, 8.

Sisson concedes the authenticity of the Certificate of Mailing submitted by State Farm in support of its Motion for Summary Judgment. Therefore, the Court finds that there is no genuine issue of material fact and summary judgment is due to be granted in State Farm's favor. The Certificate of Mailing is evidence of a "definite and specific character" which shows that State Farm mailed notice of the nonrenewal of Sisson's State Farm policy to Sisson on January 15, 1998, more than 30 days before the February 18, 1998 expiration of the policy. Sisson's denial of receipt does not create a question of fact as to whether the notice was so mailed. Accordingly, because State Farm complied with the terms of the policy to effect the nonrenewal, there was no insurance contract between the parties which would provide coverage for the February 26, 1998 fire loss, and State Farm did not breach any contract by its denial of Sisson's claim for policy benefits.

### III.   CONCLUSION

For the forgoing reasons, the Court is of the opinion that defendant State Farm is entitled to judgment as a matter of law. An Order granting State Farm's Motion for Summary Judgment will be entered contemporaneously with this Memorandum Opinion.

**DONE** this **22nd** day of January, 2002.

_Sharon Lovelace Blackburn_
**SHARON LOVELACE BLACKBURN**
United States District Judge

5